UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:99-CR-132 |
| | ) | (VARLAN/GUYTON) |
| ERIC EUGENE HOUSTON, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for a sentence reduction [Doc. 33], which cites 18 U.S.C. § 3582(c) and Amendment 706 to the United States Sentencing Guidelines (the "Guidelines"). Amendment 706 to the Guidelines reduces the base offense level for most offenses involving crack cocaine. The United States filed a response in opposition [Doc. 38] to the defendant's motion.

**I.**  **Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Pembrook*, 609 F.3d 281, 383 (6th Cir. 2010). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction

is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is § 1B1.10 of the United States Sentencing Guidelines Manual (the "Guidelines Manual"), which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a)   Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> . . . .
>
> (b)   Determination of Reduction in Term of Imprisonment. --
>
> (1) In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time

> the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> . . . .
>
> (c) Covered Amendments.-- Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, and 750 (parts A and C only).

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2011). The application notes to § 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

In Amendment 706 to the Guidelines, effective November 1, 2007, the Sentencing Commission lowered, by two offense levels, the sentencing ranges for most crack cocaine offenses in an effort to correct the disparity in sentences between defendants punished for crack cocaine offenses and defendants punished for other drug offenses, including cocaine powder offenses. *See* U.S.S.G. § 2D1.1. Amendment 706 reduced the base offense levels in § 2D1.1(c) for unlawful possession of crack cocaine and the Sentencing Commission decided to retroactively apply Amendment 706 to certain crack cocaine sentencings.

In the Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (hereinafter, the "FSA"), enacted after the filing of the defendant's motion, Congress altered

the statutory penalties for offenses involving crack cocaine and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332-35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. *See* U.S.S.G. App. C-Vol. III, Amend. 750 (effective Nov. 1, 2011) and Amend. 759 (making Amend. 750 retroactive effective Nov. 1, 2011). The FSA itself, however, does not apply retroactively. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).[1]

Thus, because Amendments 706 and 750 may now both be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the sentencing range for the defendant's

---

[1]The United States Supreme Court recently heard argument in two now-consolidated cases, presenting the question of whether the FSA applies to defendants who committed crimes before the FSA's effective date, but were sentenced after the FSA took effect. *Dorsey v. United States*, No. 11-5683 (2011); *Hill v. United States*, No. 11-5721 (2011). This scenario differs from the defendant's in this case, since the defendant committed his crime and was sentenced before the FSA was enacted and took effect.

4

offense has been lowered by either amendment, the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

The defendant requests that the Court reduce his sentence pursuant to § 3582(c)(2) and Amendment 706.  Under § 3582(c)(2), a reduction in sentence may be appropriate "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statement provides: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [an expressly retroactive] amendment . . . does not have the effect of lowering the defendant's *applicable guideline range*." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).  The Sixth Circuit of the United States Court of Appeals has held that "[t]he term 'applicable guideline range' in U.S.S.G. § 1B1.10 refers to a defendant's pre-departure guideline range." *Pembrook*, 609 F.3d at 384.

In the present case, following a plea of guilty, the defendant was convicted of possession with intent to distribute crack cocaine [Doc. 24].  In calculating the applicable Guidelines range, the probation officer found the defendant responsible for 18.5 grams of crack cocaine, yielding a base offense level of 26 [Presentence Report ("PSR"), ¶¶ 5-6, 12]. Because of prior convictions for aggravated assault and attempt to possess cocaine with

intent to sell, the defendant was classified as a career offender in accordance with U.S.S.G. § 4B1.1, with a corresponding offense level of 37 [*Id.*, ¶¶ 18, 26, 33]. Following a three-level reduction for acceptance of responsibility, the defendant's total offense level was 34 [*Id.*, ¶¶ 19-20]. The probation officer determined that the defendant had a criminal history category of V, enhanced to a VI due to his status as a career offender [*Id.*, ¶ 38]. The corresponding Guidelines range for the defendant's offenses was 262 to 327 months' imprisonment [*Id.*, ¶ 53]. The defendant was also subject to a mandatory minimum sentence of 10 years [*Id.*, ¶ 54].

Prior to sentencing, the government filed a motion for downward departure based on the defendant's substantial assistance [Doc. 22]. On October 27, 2000, the Court granted the government's downward departure motion and sentenced the defendant to 200 months' imprisonment [Doc. 24].[2] According to the Bureau of Prisons, the defendant is presently scheduled for release on May 12, 2015 [Doc. 38].

---

[2]A divided panel of the Sixth Circuit recently remanded for resentencing a defendant who was sentenced less than three weeks before the enactment of the FSA to a sentence below the advisory Guidelines range for a career offender and within the old advisory Guidelines range for crack cocaine violations that would have otherwise applied to the defendant if he were not a career offender. *See United States v. Michael Jackson*, Slip Op., No. 10-3923, — F.3 — (May 8, 2012).

*Jackson* is distinguishable from this case for several reasons. Unlike the defendant in *Jackson*, the defendant in this case was initially sentenced in 2000, ten years before the enactment of the FSA. In addition, unlike in *Jackson*, there is no indication that the Court's decision to go below the career offender Guidelines range at the defendant's initial sentencing proceeding and sentence the defendant to a term of imprisonment below that range was due to a policy disagreement with the crack cocaine guidelines.

Applying Amendments 706 and 750 to the defendant's case, the defendant's Chapter Two offense level is reduced, but the career offender provisions of Chapter Four remain unchanged. This is because in calculating the applicable Guidelines range, § 1B1.1 requires the Court to proceed sequentially through the Guidelines. Thus, according to § 4B1.1(b), "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [as a career offender] shall apply." U.S.S.G. § 4B1.1(b). In addition, § 1B1.10(b)(1) provides that "the court shall substitute only amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Thus, if the defendant was being sentenced today, his initial Guidelines range based on his career offender classification would still be 262 to 327 months' imprisonment, identical to the range used at the initial sentencing proceeding.

Thus, because neither Amendment 706 nor Amendment 750 lowers the defendant's applicable Guidelines range, § 3582(c) provides no basis for relief. *See* U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized . . . [where] an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline."). Indeed, the Sixth Circuit has held that the Court lacks jurisdiction to modify the defendant's sentence. *See United States v. Williams*, 607 F.3d 1123, 1125-26 (6th Cir. 2010); *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010); *United States v. Gillis*, 592 F.3d 696, 699-700 (6th Cir. 2009); *United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009).

The defendant's *pro se* motion [Doc. 33] will therefore be denied.

## III.    Conclusion

The defendant's *pro se* motion for a sentence reduction [Doc. 33], citing 18 U.S.C. § 3582(c) and Amendment 706 to the Guidelines, is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE